IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FORT WALTON BEACH MEDICAL
CENTER,

        Plaintiff,

vs.

SANDION, LTD., D/B/A COLDWELL
BANKER UNITED REALTORS and
GROUP & PENSION
ADMINISTRATORS, INC.,

        Defendants.

Case No.
3:13-CV-00009-MCR-CJK

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE, AND INCORPORATED MEMORANDUM OF LAW

Defendants, Sandion, Ltd., d/b/a Coldwell Banker United ("Sandion") and Group & Pension Administrators, Inc. ("GPA") (collectively "the Defendants"), pursuant to Fed.R.Civ.P. 12(b)(6) and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.,* move to dismiss Plaintiff, Fort Walton Beach Medical Center, Inc. ("the Hospital")'s complaint with prejudice, showing this Court as follows:

### I.      Introduction

This action arises out of the Hospital's attempts to recover additional payment from an ERISA-governed health benefit plan for services the hospital provided to a participant in the Plan. Sandion dba Coldwell Banker United, Realtors Medical Benefits Plan ("the Plan") is an ERISA-governed employee welfare benefit plan sponsored and maintained by Sandion,

4833-2829-9026.14833-2829-9026.1

within the meaning of § 3(1) of ERISA.  Sandion also administers the Plan, while GPA

serves as the "Claims Administrator."

The complaint is cast in the following three counts:

(a)     In Counts I and II, the Hospital seeks damages for breach of contract under

state common law;

(b)     In Count III, the Hospital seeks damages based on promissory estoppel under

state common law.

All three counts in the Hospital's complaint are expressly preempted by ERISA.  That is, the

state law claims all relate to the Plan within the meaning of 29 U.S.C. § 1144(a).  As such,

those claims are preempted by the remedial scheme embodied in 29 U.S.C. § 1132(a), and,

as a result, the complaint fails to state a claim upon which relief may be granted.

Consequently, this Court should grant the Defendants' motion to dismiss the

complaint.  Dismissal should be *with prejudice* due to the Hospital's failure to exhaust its

administrative remedies under ERISA and failure to state a claim under ERISA.

## II.     Statement of Material Facts

The patient at issue was insured for medical expenses benefits under a self-funded

plan sponsored and maintained by Sandion.  (*See* Compl. ¶¶ 3, 6-8, 21-23, 44, 65; the Plan

Document, Doc. No. 1-2.)  The Plan constituted part of an employee welfare benefit plan

governed by ERISA.  (*See* Plan Document, Doc. No. 1-2.)  GPA administered claims for

benefits under the Plan. (*See* Compl. ¶¶ 6, 8.)

The patient incurred charges for services provided by the Hospital.  (*See* Compl. ¶¶

3, 10-14, 25, 50.)  The Hospital does not have any provider agreements or other contracts

with Sandion, GPA, or the Plan. (*Id.* ¶ 24.) The Hospital submitted a claim for benefits under the Plan to GPA. (*Id.* ¶¶ 31, 51, 54, 71, 73, 74.) The Hospital's claim was partially paid and partially denied. (*Id.* ¶¶ 32, 34, 55, 57, 75, 77.)

## III.    Argument

On a motion to dismiss, the Court must limit its inquiry to the facts stated in the complaint and the documents either attached or incorporated in the complaint. It likewise must accept the pleaded facts as true, and construe them in the light most favorable to the nonmoving party. *Day v. Taylor,* 400 F.3d 1272, 1275 (11th Cir. 2005); Fed. R.Civ. P. 12(b)(6). Under this standard, the Court, in reviewing this motion to dismiss, may consider the Plan Document, filed as Document Number 1-2, as it was expressly referenced in the Hospital's complaint and is central to its claims. *See Day*, 400 F.3d at 1276 ("[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document" if that document [as here] is central to the Plaintiff's claims.") (citation omitted).

To survive a motion to dismiss, the complaint must allege facts that plausibly suggest relief is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). While all factual matters alleged by the non-moving party are accepted as true, mere conclusory allegations are **not** assumed to be true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### A.    Principles of ERISA Preemption.

One of the core purposes of ERISA is to provide uniformity in the administration of employee benefit plans and to avoid subjecting plan administration to varying standards

created by differing state laws. *Egelhoff v. Egelhoff ex re. Breiner*, 532 U.S. 141 (2001); *Smith v. Jefferson Pilot Life Ins. Co.*, 14 F.3d 562, 570-71 (11th Cir. 1994). This objective is achieved through a comprehensive preemption provision which provides that, "[e]xcept as provided in subsection (b) of this section, the provisions of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee welfare benefit plan . . . ." 29 U.S.C. § 1144(a).

As § 1144(a) makes clear, the determination of whether a state law claim is subject to preemption under ERISA entails a two-step analysis. The threshold question is whether the case involves an employee welfare benefit plan as contemplated by ERISA. *Smith v. Jefferson Pilot Life Ins. Co.*, 14 F.3d 562, 567-68 (11th Cir. 1994). The second question is whether the state law claim "relates to" the plan so as to be preempted by ERISA. *Id.*

Here, there is no question that this case involves an employee welfare benefit plan as contemplated by ERISA. (*See* Compl. ¶¶ 3, 6-8, 21-23, 44, 65; Plan Document, Doc. No. 1-2.) The dispositive question, then, is whether the Hospital's state law claims[1] in Counts I through III "relate to" the Plan so as to be preempted by ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) (state law causes of action cannot be maintained if they "relate to" an ERISA plan); *Smith*, 14 F.3d at 567-68 (same); 29 U.S.C. § 1144(a). As set forth below, all the claims here relate to the Plan.

A state law claim "relates to" an employee welfare benefit plan, in the normal sense of the phrase, if it has some connection with or some reference to a plan. *New York*

---

[1] ERISA defines "state law" to include "all laws, decisions, rules, regulations, or other State action having the effect of law of any State." *Id.* at § 1144(c)(1).

*Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995) (citation omitted); *see also Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985) (explaining that Congress intended to displace all state laws falling within ERISA's sphere, not just those that are inconsistent with its substantive provisions). The Eleventh Circuit has made plain that ERISA preempts state law claims "whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." *Garren v. John Hancock Mutual Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997). To determine whether a particular state law claim has a connection with an ERISA plan, courts examine "whether the claims brought fit within the scope of state law that Congress understood would survive ERISA." *Morstein v. National Ins. Services, Inc.*, 93 F.3d 715, 722 (11th Cir. 1996); *Garrison v. Northeast Georgia Medical Center*, 66 F. Supp. 2d 1336, 1343 (N.D. Ga. 1999).

Thus, the critical inquiry is whether the claim affects the relations between ERISA entities. *Morstein*, 93 F.3d at 722 n.10. ERISA entities "are the employer, the plan, the plan fiduciaries, and the [participants and] beneficiaries under the plan." *Id.*

B. **The Hospital's State Law Claims in Count I through III are Preempted by ERISA.**

Taking the four corners of the Hospital's complaint as true, which this Court must when considering a motion to dismiss, *Day*, 400 F.3d at 1275, Counts I through III affect the relations between ERISA entities. The complaint reflects that the patient at issue here was a Plan participant. The complaint further reflects that Sandion sponsored, maintained, and administered the Plan for the benefit of its eligible employees. GPA was the third party administrator of claims submitted under the Plan. And the complaint alleges that the Defendants made the adverse decision regarding the Hospital's claim for benefits under the

Plan. Based on this conduct, the Hospital has alleged entitlement to, among other things, contractual, punitive, and bad faith damages, attorney fees, and other relief.

Because the gravamen of the Hospital's complaint is that the Defendants improperly limited payment of medical expense benefits under the ERISA-governed Plan, the Hospital's claims in Counts I through III are inextricably connected with the administration of claims under the Plan. Stated differently, the Hospital's claims in these counts "relate to" the ERISA Plan and, as such, are both completely preempted and defensively preempted by ERISA. *See, e.g.*, *Pilot Life,* 481 U.S. 41 (state law breach of contract and tort claims against an insurance company based on the improper processing of benefits were preempted); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1215 (11th Cir. 1999) (state-law bad faith and breach of contract claims are preempted under ERISA) (citation omitted); *Morstein*, 93 F.3d at 723 n.11 (ERISA preemption applies to an action brought by a beneficiary against an insurance company regarding the scope of the coverage of the plan); *Swerhun v. Guardian Life Ins. Co.*, 979 F.2d 195, 198 (11th Cir. 1992) ("[W]e have consistently held that ERISA preempts state law breach of contract claims"); *Phillips v. Amoco Oil Co.*, 799 F.2d 1464 (11th Cir. 1986) (state law claim for breach of contract preempted); *Woods v. Southern Co.*, 396 F. Supp. 2d 1351, 1364 (N.D. Ga. 2005) (plaintiff's request for "[a] declaration that the Defendants, and each of them, are not entitled to the protections of ERISA" was neither equitable nor remedial, but preemptively defensive); *Lenhart v. Printing Industry Ins. & Health Care Plan*, 818 F. Supp. 331, 333 (M.D. Fla. 1993) (ERISA remedies could not be supplemented by state common-law remedies to provide for a punitive damage award). Accordingly, the Hospital's state law claims should be dismissed.

**C.** **The Hospital's Failure to Exhaust Administrative Remedies under the Plan Is Fatal to Its Claims.**

Additionally, the Hospital's claims against the Defendants must be dismissed because the Hospital failed to exhaust the Plan's administrative remedies. Before a plaintiff may commence a legal action under ERISA, it first must exhaust administrative remedies under the plan. *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006); *Counts v. Am. Gen. Life & Accident Ins. Co.,* 111 F.3d 105, 108 (11th Cir. 1997); *Byrd v. MacPapers, Inc.*, 961 F.2d 157 (11th Cir. 1992); *Springer v. Wal-Mart Associates' Group Health Plan*, 908 F.2d 897 (11th Cir. 1990); *Merritt v. Confederation Life Ins. Co.*, 881 F.2d 1034 (11th Cir. 1989); *Mason v. Continental Group, Inc.*, 763 F.2d 1219 (11th Cir. 1985). The rationale underlying the doctrine of exhaustion of remedies was set forth by the Court in *Mason*:

> Compelling considerations exist for plaintiffs to exhaust administrative remedies prior to instituting a lawsuit. Administrative claim-resolution procedures reduce the number of frivolous law suits under ERISA, minimize the cost of dispute resolution, enhance the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decision-making process, and allow prior fully considered action by pension plan trustees to assist courts if the dispute is eventually litigated.

763 F.2d at 1227.

The Eleventh Circuit recognizes the exhaustion requirement by requiring the ERISA plaintiff to affirmatively plead the exhaustion of administrative remedies. *Variety Children's Hosp. v. Century Med. Health Plan*, 57 F.3d 1040, 1042 (11th Cir. 1995); *Byrd v. McPapers, Inc.*, 961 F.2d 157, 160-61 (11th Cir. 1992); *Schwade v. Total Plastics, Inc.*, 837 F. Supp. 2d 1255, 1267 (M.D. Fla. 2011). In *Variety*, the Eleventh Circuit expressly rejected the plaintiff's "attempt to circumvent [the pleading] requirement by alleging in its Corrected

Amended Complaint that it had complied with 'all conditions precedent.'" *Id.* at 1042 n.2.

Here, the administrative appeal procedure was specifically set forth in the Plan. (*See* Plan Document, Doc. No. 1-2, at pp. 142-48.) Notwithstanding the existence of this appeals procedure, the Hospital failed to plead any facts showing or even plausibly suggesting that the Hospital exhausted administrative remedies. Instead, the Hospital alleged that it satisfied all conditions precedent – a conclusory allegation that the Eleventh Circuit has specifically held does not satisfy the plaintiff's pleading requirement. *Variety*, 53 F.3d at 1042. As a result, this action must be dismissed. *See Bickley,* 461 F.3d at 1327 (affirming dismissal of ERISA action based on failure to exhaust); *Regency Hosp. Co. of South Atlanta, L.L.C. v. United Healthcare Ins. Co*., 2006 U.S. Dist. LEXIS 101002, *10 (N.D. Ga. Apr. 4, 2006) ("[R]egardless of whether the Plaintiff failed to file an initial first level formal appeal, the available administrative remedies were not exhausted. The Defendant is entitled to summary judgment.").

**D.** **The Hospital's Complaint Should be Dismissed for Failure to Sufficiently Plead a Claim under ERISA.**

Even looking beyond the fatal deficiencies in the Complaint discussed above, the Hospital's three causes of action must be dismissed because the Complaint does not include facts sufficient to show the Hospital is entitled to relief. Counts I and II are essentially claims for benefits under the Plan. Counts I and II must be dismissed because the Hospital does not allege any specific term violated by the defendants. Count III is an estoppel claim, which must be dismissed because the Hospital failed to allege any specific Plan term was ambiguous.

### 1. Counts I and II Fail to Allege Specific Plan Terms Allegedly Violated

Had the Hospital exhausted its administrative remedies under the Plan, its complaint still should be dismissed because it does not allege the specific term(s) of the Plan that defendants here allegedly violated. "[T]he allegations must give the Court some sense of the actual language of the agreements and the degree to which the language provided represents the provisions in the other plans." *Sanctuary Surgical Ctr., Inc. v. Aetna, Inc.,* 2012 U.S. Dist. LEXIS 38819, * 8 (S.D. Fla. Mar. 22, 2012). "Merely stating in conclusory fashion that every agreement required Defendant to pay for Plaintiffs' services is not enough because it does not allow the Court to evaluate for itself the nature of the parties' obligations." *Id.* Therefore, to sufficiently allege a wrongful denial of benefits, the Hospital would have to allege not only that defendants made an improper claims determination according to the terms of the Plan, but also that, in making the determination, the claim administrator(s) exceeded its/their reasonable discretion. *See id.* The Hospital's failure to do so in this case is fatal to its claims.

### 2. Count III Fails to Allege Plan Terms are Ambiguous

The Eleventh Circuit permits estoppel claims in ERISA only when "(1) the provisions of the plan at issue are ambiguous, and (2) representations are made which constitute an oral interpretation of the ambiguity." *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1090 (11th Cir. 1999). A plaintiff cannot state an ERISA estoppel claim by pleading that the defendant represented it would pay the hospital's full charge, then failed to do so. *Id* The plaintiff must also allege that the representation clarified an ambiguous plan

term. *Id.* In other words, an oral representation cannot modify the unambiguous terms of a written plan document. *Id.*

Here, the Hospital's Complaint fails as a matter of law because it does not allege any ambiguity in the Plan Document. Nor can it. Consequently, Count III must be dismissed.

## IV.     Conclusion

In accordance with the above-cited authorities, and for the above-stated reasons, Defendants ask this Court to grant their motion to dismiss the Hospital's complaint with prejudice, and award them a reasonable attorney fee under 29 U.S.C. § 1132(g) for having to file this motion.

Respectfully submitted, this 14th day of January, 2013.


|  | */s/  Joelle C. Sharman* |
|---|---|
|  | JOELLE C. SHARMAN |
| LEWIS BRISBOIS BISGAARD & | Florida Bar No. 0045070 |
| SMITH LLP | jsharman@lbbslaw.com |
| 1180 Peachtree Street, Suite 2900 | *Counsel for Sandion, Ltd., d/b/a Coldwell* |
| Atlanta, GA 30309 | *Banker United Realtors and Group & Pension* |
| Telephone: 404-348-8585 | *Administrators, Inc.* |
| Facsimile: 404-467-8845 |  |

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2013, I electronically filed the foregoing document by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Joseph W. May
joseph@bacenjordan.com
MaryAnn@bacenjordan.com
Bacen & Jordan, P.A.
4801 S. University Dr., Suite 3100
Davie, FL 33328-3844
*Counsel for Plaintiff Fort Walton Beach Medical Center, Inc.*

This 14th day of January, 2013.

|  |  |
|---|---|
|  | /s/ *Joelle C. Sharman* |
|  | JOELLE C. SHARMAN |
| LEWIS BRISBOIS BISGAARD & SMITH LLP | Florida Bar No. 0045070 |
| 1180 Peachtree Street, Suite 2900 | jsharman@lbbslaw.com |
| Atlanta, GA 30309 | *Counsel for Sandion, Ltd., d/b/a Coldwell Banker United Realtors, and Group & Pension Administrators, Inc.* |
| Telephone: 404-348-8585 |  |
| Facsimile: 404-467-8845 |  |